IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| GEORGE SULLIVAN, | CV 10-29-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | |
| Defendants. | |

_____

# I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff George Sullivan has filed a Complaint, together with a Motion to Proceed In Forma Pauperis.  Sullivan submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Sullivan lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Sullivan's Complaint as of the filing date of his request to proceed in forma pauperis.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Sullivan filed this action to address the United States Department of Veterans Affairs' ("VA") alleged denial of his veterans' benefits. He alleges the

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

VA has been wrongfully denying his benefits and compensation since 1967.[1]

Specifically, Sullivan alleges the VA discontinued his benefits in 1980 which caused him to lose his home.  Furthermore, Sullivan alleges that various Congressional leaders, such as Senators Max Baucus and Jon Tester, have been ineffective in assisting Sullivan in obtaining his veterans' benefits.  Sullivan alleges he has suffered financial and economic losses, and emotional distress over the years due to the loss of his benefits.  For his relief Sullivan requests "[f]ull complete entitlement of my benefits," and compensation for his economic losses and other damages.[2]

## III.  DISCUSSION

Because Sullivan is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See*

---

[1] In conclusory fashion, Sullivan also alleges his legal claims include "fraud," "deception," "lie & deny," "conspiracy," "coverup," "misrepresentation," "RICO charges," and "misuse and abuse of power and authority."  Sullivan does not elaborate on any of these specific legal claims, and the substance of his allegations challenge only the denial of his veterans' benefits.

[2] Sullivan also alleges the VA had some unspecified "involvement" with the wrongful death of his father, and with "torture treatments while in the VA's care."  Sullivan does not elaborate on those allegations any further, and the gravamen of his complaint is instead directed at the denial or loss of his veterans' benefits.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In addition to the grounds for screening the merits of a complaint set forth in 28 U.S.C. § 1915(e)(2) described above, a court must also determine whether it has jurisdiction over the matters presented in the complaint. Federal courts are courts of limited jurisdiction, and generally it is presumed a cause of action lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). The federal courts are obligated to independently examine their own jurisdiction (*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)), and a district court may dismiss an action *sua sponte* whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

The VA's administrative decisions affecting veterans' benefits are subject to a very specific process of judicial and appellate review. In general, to obtain

veterans' benefits a veteran must begin the application process by filing a claim with a regional office, or "agency of original jurisdiction" within the Department of Veterans Affairs. A veteran who is dissatisfied with the resolution of his or her claim can appeal the decision of the agency of original jurisdiction to the Board of Veterans' Appeals. 38 U.S.C. §§ 7104(a) and 7105(d).

Following review by the Board of Veteran's Appeals a claimant can then appeal any adverse decision to the United States Court of Appeals for Veterans Claims. 38 U.S.C. §§ 7252 and 7261. The Court of Appeals "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals[,]" and it has authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a).

The Court of Appeals' decision is, in turn, subject to appellate review as provided under 38 U.S.C. § 7292. 38 U.S.C. § 7252(c). Section 7292 grants to the United States Court of Appeals for the Federal Circuit the "exclusive jurisdiction" to review decisions of the Court of Appeals. 38 U.S.C. § 7292(c). The Federal Circuit is vested with the "power to affirm or, [...] to modify or reverse the decision of the Court of Appeals for Veterans Claims or to remand the matter, as appropriate." 38 U.S.C. §7292(e)(1).

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 5

Finally, a veteran can seek review of the final judgment of the Federal Circuit by filing a writ of certiorari with the United States Supreme Court as provided in 28 U.S.C. § 1254.  38 U.S.C. § 7292(c).

As reflected in the provisions of the forgoing statutes, judicial review of the decisions of the Secretary of the Department of Veterans Affairs is strictly limited to the appeal procedures outlined above.  The Secretary's decisions "shall be final and conclusive and may not be reviewed by any other official or by any court" except as provided in Title 38 of the United States Code.  38 U.S.C. § 511(a).  Section 511 "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits[.]"  *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000).  *See also Tietjen v. United States Veterans Administration*, 884 F.2d 514, 515 (9th Cir. 1989) (construing predecessor to § 511(a) codified at 38 U.S.C. § 211(a)); and *Swisher v. Collins*, 2008 WL 687305 *12 (D. Idaho 2008).

Additionally, other legal claims advanced by a plaintiff which relate to the denial of, or reduction to veterans' benefits are also barred from review in the district courts.  The federal courts have "consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 6

require the court to intrude upon the VA's exclusive jurisdiction." *Price*, 228 F.3d at 422 (citing, *inter alia*, *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) and *Rosen v. Walters*, 719 F.2d 1422, 1425 (9th Cir. 1983)). *See also Swisher*, 2008 WL 687305 *12. Thus, where the "substance" of a plaintiff's action challenges a decision "concerning a benefit provided by a law administered by the Veterans Administration," the court lacks jurisdiction over the action. *Tietjen*, 884 F.2d at 515.

The "exclusive jurisdiction" for the review of decisions affecting veterans' benefits is described in the statutory appellate procedures outlined above, and the Article III court with jurisdiction to conduct appellate review of those decisions is the Federal Circuit. Consequently, the other lower district courts lack subject matter jurisdiction over a plaintiff's claims stemming from decisions of the Secretary of the Department of Veterans Affairs. *Price*, 228 F.3d at 422; *Tietjen*, 884 F.2d at 515; and *Swisher*, 2008 WL 687305 *13.

Based on the forgoing, the Court concludes the substance of all of Sullivan's claims advanced in this action seek to challenge the denial of his veterans' benefits, and seek to reestablish his entitlement to those benefits.

Therefore, this Court lacks jurisdiction over this action, and **IT IS HEREBY RECOMMENDED** that Sullivan's Complaint should be **DISMISSED.**

DATED this 5th day of April, 2010.

      /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 8